IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTHONY TYRONE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-5-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a May 24, 2018 prison disciplinary ruling wherein he lost 30 days previously accrued good time credits as punishment.[1] At the time he filed his habeas application, petitioner was incarcerated at the Neal Unit in Potter County, Texas. In response to Questions 1-4 of his habeas application, petitioner indicates he is presently serving a 5-year "agg" sentence assessed for a 2014 Dallas County conviction for the felony offense of aggravated assault with a deadly weapon. *State v. Johnson*, No. F-1400277-J.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued

---

[1]Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Despite acknowledging his conviction for aggravated assault with a deadly weapon, petitioner, in response to Question 15 of his habeas application, avers there was no finding in his original conviction that he used or exhibited a deadly weapon and, in response to Question 16, avers he is eligible for release on mandatory supervision. Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice, however, refutes petitioner's statements. The Detail confirms petitioner is serving a sentence for aggravated assault, and that such conviction had an affirmative finding that a deadly weapon was used or exhibited in the commission of the offense. The mandatory supervision statute in effect when petitioner committed his aggravated assault offense on March 3, 2009 stated "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . an offense for which the judgment contains an affirmative [deadly weapon] finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure . . . [or] a first degree felony or a second degree felony under Section 22.02, [Texas] Penal Code [aggravated assault]." Texas Gov't Code § 508.149(a)(1), (7) (2009). Petitioner is serving a sentence for aggravated assault which contained an affirmative deadly weapon finding. As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner ANTHONY TYRONE JOHNSON be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 5, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).